MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: RUA KELLY (MA 643351)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2471

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,      :    VERIFIED COMPLAINT

          - v -                :    07 CIV 7054

$11,998.75 IN UNITED STATES    :
CURRENCY,
                               :
          Defendant-in-rem.
------------------------------X

       Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

       1.   This action is brought pursuant to 21 U.S.C. § 881(a)(6) by the United States of America seeking forfeiture of $11,998.75 in United States Currency (the "Defendant Currency"), on the ground that the Defendant Currency constitutes monies furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

       2.   This Court has jurisdiction pursuant to 28 U.S.C.

§§ 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. § 1355(b) because the actions and omissions giving rise to the forfeiture took place in the Southern District of New York, and the Defendant Currency was found and seized in the Southern District of New York.

4. The Defendant Currency is currently in the custody of the United States Marshals Service's Seized Asset Deposit Fund.

II. PROBABLE CAUSE FOR FORFEITURE

5. On or about January 31, 2007, members of the Sullivan County Sheriff's Office ("SCSO") while conducting a burglary investigation were conducting area interviews at the intersection of John Bishop Road and Horseshoe Lake Road, located in the Town of Bethel, Sullivan County, New York. In connection with the burglary investigation, two officers conducted a vehicle stop of a 1998 Black Honda SUV. The vehicle was operated by JASON HOAG ("HOAG"). Seated inside the vehicle were BOBBI JO GRABEK and two children.

6. Upon further investigation and after speaking with HOAG, the officer noticed a strong odor of marijuana coming from inside the vehicle. The officer placed his hand on the door frame to further question HOAG. HOAG appeared nervous and started to pull the car away. The officer requested that HOAG

stop the vehicle, but HOAG continued to drive and accelerated while the officer was still physically attached to the driver's side door. The officer remained attached to the moving vehicle for several yards before he freed himself from HOAG's vehicle.

6. Another officer pursued HOAG, who was now heading south on Horseshoe Lake Road at a high rate of speed. HOAG stopped approximately one mile from the original stop location and exited his vehicle. Upon searching HOAG's vehicle, the officers observed approximately one-half pound of marijuana in plain view, and saw certain of the Defendant Currency strewn about the vehicle. Some of the Defendant Currency was also found inside a pocketbook located in between the front seats.

7. HOAG and GRABEK were immediately arrested. The children were also taken to the sheriff's station.

8. At the station both HOAG and GRABEK made statements regarding the Defendant Currency. HOAG stated to an officer that "the money is not mine, I owe it to a guy in Fallsburg. He is going to try to kill me, most of the weed in this area comes from this guy." GRABEK signed a written statement that she was given the money by HOAG and was told by him "not to let anything happen to the money in my purse."

9. On or about March 20, 2007, the Defendant Currency was turned over to the Drug Enforcement Administration for federal forfeiture.

10. On or about May 10, 2007, the Drug Enforcement Administration received an affidavit signed by HOAG and GRABEK asserting a claim for the Defendant Currency. HOAG and GRABEK assert that they are the lawful owners of the Defendant Currency.

### III. CLAIM FOR FORFEITURE

11. The allegations contained in paragraphs one through ten of the Complaint are incorporated herein.

12. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

13. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Title 21 of the United States Code.

14. By reason of the foregoing, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant

Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

Dated: New York, New York
August 7, 2007

        MICHAEL J. GARCIA
        United States Attorney for
        Plaintiff United States of America

By: _____
    RUA KELLY (MA 643351)
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2471

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

    Michael K. McGurk, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration, Asset Removal Group, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information and belief.

    The sources of deponent's information and the ground of his belief are official records and files of the Sullivan County Sheriff's Office and the United States, and discussions with and documents prepared by other law enforcement officers.

*[signature]*
Michael K. McGurk
Special Agent
Drug Enforcement Administration

Sworn to before me this
7th day of August, 2007

*[signature]*
Notary Public
LESLEY B. GLENN
Notary Public, State of New York
No. 31-4654637
Qualified in New York County
Commission Expires 6/30/11

6